# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANDREW W. NADEN,

*Plaintiff-Appellant,*

v.

SAGA SOFTWARE, INCORPORATED,
formerly known as Software AG
Americas,

*Defendant-Appellee.*

No. 00-2549

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-00-502-AMD)

Argued: May 9, 2001

Decided: June 15, 2001

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Thomas Joseph Dolina, BODIE, NAGLE, DOLINA,
SMITH & HOBBS, P.A., Towson, Maryland, for Appellant. Dino
Santo Sangiamo, VENABLE, BAETJER & HOWARD, L.L.P., Balti-
more, Maryland, for Appellee. **ON BRIEF:** Mark D. Maneche, Sally
W. Bryan, VENABLE, BAETJER & HOWARD, L.L.P., Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Andrew Naden appeals the district court's grant of summary judgment to SAGA Software, Inc. ("SAGA") on his claims for violation of the Maryland Wage Payment and Collection Law ("Maryland Wage Law"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*, and for breach of contract. He also appeals the district court's denial of his untimely motion for leave to amend his complaint. For the reasons that follow, we affirm.

I.

Naden was employed as a sales representative for SAGA. After extensive negotiations, Naden and SAGA entered into a written compensation plan entitled the "1998 Platinum Accounts Enterprise Executive Sales Compensation Plan" ("Platinum Plan"). J.A. 15. The Platinum Plan entitled Naden, in his role as an Enterprise Executive, to a five-percent commission on orders of $10,000,000 or less and a six-percent commission rate on any orders exceeding $10,000,000. J.A. 18.

In addition to his work as an Enterprise Executive, Naden was appointed to the position of Acting Solutions Director approximately a year after he commenced his employment with SAGA, and he served in both capacities until his termination on November 11, 1998. J.A. 209. Shortly after Naden's discharge, SAGA compensated him for the sales he made as Solutions Director by sending him a check in the amount of $31,787, representing the lesser 0.2% commission rate that the company ordinarily pays for Solutions Director work. J.A. 209.

Naden subsequently filed a two-count complaint against SAGA for unpaid commissions under the Platinum Plan, alleging that SAGA

breached its contract with him and violated the Maryland Wage Law in failing to compensate him for his work. J.A. 9-14. The district court granted summary judgment to SAGA on both claims, and denied Naden's untimely motion for leave to amend his complaint. J.A. 157. The district court also denied Naden's motion for reconsideration, J.A. 158, and this appeal followed.

## II.

Naden first argues that the district court abused its discretion in denying his motion for leave to amend the complaint. The district court denied the motion on two independent grounds: (1) Naden failed to meet the "good cause" standard for modification of the district court's scheduling order under Fed. R. Civ. P. 16(b), J.A. 148-51; and (2) Naden did not satisfy even the liberal standard for amendment under Fed. R. Civ. P. 15(a) — namely, that "leave shall be freely given when justice so requires." J.A. 151-54.

We have previously held that undue delay "accompanied by futility or prejudice to the non-movant" is "a sufficient reason" for denying leave to amend under Rule 15(a). *HealthSouth Rehabilitation Hosp.* v. *American Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996) (citing *Deasy* v. *Hill*, 833 F.2d 38, 40 (4th Cir. 1987)). The district court found undue delay because "Plaintiff's motion was filed four months after the Scheduling Order's deadline for amendment of pleadings without explanation." J.A. 151 (citing *National Bank of Washington* v. *Pearson*, 863 F.2d 322, 328 (4th Cir. 1988) (explaining that undue delay can be inferred from the absence of explanation for the delay)). The district court also made a specific finding of prejudice because Naden did not seek leave to amend until *after* SAGA filed its motion for summary judgment — even though his amendment was based "on facts known to [him] at the time he commenced this lawsuit" — and thus SAGA "relied on the original pleading in conducting discovery and preparing its motion for summary judgment." J.A. 152-53. Under these circumstances, we cannot say that the district court abused its discretion in denying Naden's motion for leave to amend the complaint.

Accordingly, without expressing any view regarding whether the "good cause" standard of Rule 16(b) applies when a plaintiff fails to

submit his motion to amend prior to the deadline in the district court's scheduling order, we affirm on the district court's reasoning that Naden's motion did not satisfy the standard for amendment in Rule 15(a).

III.

Naden also argues that the district court erred in granting summary judgment on the Maryland Wage Law and breach of contract claims alleged in his complaint. Naden's complaint states only a single source for the recovery of unpaid commissions: The Platinum Plan. J.A. 13 ("SAGA has materially breached the contract by failing to pay Naden all but $31,787 dollars due and owing Naden *under the Platinum Plan*.") (emphasis added). We agree with the district court that, viewing the evidence in a light most favorable to Naden, he cannot recover any commissions under the Platinum Plan.

First, it is undisputed that Naden was paid in accordance with the terms of the Platinum Plan for all his work as an Enterprise Executive with the exception of a single transaction — the sale of an "ELA License" to Morgan Stanley. As the district court correctly noted, however, the Morgan Stanley transaction was not "included as part of [Naden's] revenue goal/credit" because it was expressly excluded from the Territory Agreement[1] as a "product sales carryover[ ] from 1997 . . . being closed by the 1997 rep." J.A. 189, 195.

Second, the Platinum Plan compensated Naden for only his work as an Enterprise Executive; it did not govern the work he performed as Solutions Director. J.A. 22 ("Direct Sales Commissions: Each *Enterprise Executive* will be paid Commissions on firm business closed in their accounts according to the rules and schedules set forth in the Plan.") (emphasis added). Indeed, as Naden himself admitted in his memorandum in opposition to summary judgment, the Platinum Plan and the Territory Agreement "only governed Plaintiff's function as *Enterprise Executive*, as indicated by the title of the [Platinum Plan] and the restriction 'Enterprise Executive' placed next to

---

[1]The Territory Agreement assigned the accounts for which Naden would be responsible (and thus compensated for) in his capacity as an Enterprise Executive. J.A. 189.

Naden's name on the Territory Agreement." J.A. 204 (emphasis added). Therefore, Naden is not entitled to recover any commissions for his Solutions Director work under the clear and unambiguous terms of the Platinum Plan.

Finally, Naden's wage claim fails because, as stated above, Naden was not entitled to recover any commissions under the Platinum Plan and thus was not "due" any wages, as that term is defined in the Maryland Wage Law. *See* Md. Code Ann., Lab. & Empl. § 3-501(c)(1) (defining wages as "all compensation that is *due* to an employee for employment" (emphasis added)).

Accordingly, we hold that the district court did not err in granting summary judgment to SAGA on Naden's claims for breach of contract and for wages.[2]

## *CONCLUSION*

For the reasons stated herein, we affirm the judgment of the district court.

*AFFIRMED*

---

[2]Naden also argues that the district court's grant of summary judgment was premature because full discovery had not yet commenced. Naden's argument is without merit because he never filed an affidavit under Fed. R. Civ. P. 56(f) explaining that additional discovery was necessary before he could respond to SAGA's summary judgment motion. *See, e.g.*, *Shafer* v. *Preston Mem'l Hosp. Corp.*, 107 F.3d 274, 282 (4th Cir. 1997) ("Additionally, Shafer is precluded from arguing that inadequate discovery made summary judgment inappropriate because she did not submit an affidavit informing the district court that additional discovery was necessary for her to respond to the Hospital's summary judgment motion.").